[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
RE: (#160) MOTION FOR ORDER, POST JUDGMENT
This is an action pursuant to § 46b-59 of the General Statutes for visitation with the defendant's two minor children. The plaintiffs are the maternal grandmother and maternal aunt, respectively, of the minor children.
On May 1, 2000, the court (Petroni, J.T.R.) ordered that the children's interests be represented by a guardian ad litem. Attorney Julie Foster was appointed and, as stated in this motion, devoted a number of hours to her professional responsibility to this case and to her wards.
On March 20, 2001, the court (Petroni, J.T.R.) ordered the defendant to pay Attorney Foster the sum of $200 per month for seven months, starting on April 20, 2001.
The defendant did not comply with that order.
On October 29, 2001, Attorney Foster filed this motion for an order compelling the defendant to comply with the March 20, 2001 order for payment. In addition, Attorney Foster alleged that since March 20, 2001, CT Page 9710 at the direction of the court, she had devoted an additional sixteen hours of billable time to the case, and the movant appeared and the defendant appeared with counsel and were heard concerning the relief sought in this motion. The court reserved decision.
The defendant maintains that he should not be responsible to pay any portion of Attorney Foster's fees.
He cites the decision on appeal in this case rendered on January 29, 2002, wherein it was held that the Superior Court lacked the requisite jurisdiction to hear and grant the petition of the plaintiffs.
He reasons that because the Superior Court was found to have lacked the requisite jurisdiction to hear and decide this case, all orders of the Superior Court, including the order compelling him to contribute to the cost of the guardian ad litem, are invalid — at least as they relate to him.
The Appellate Court decision in Roth v. Weston was a radical departure from the precedent Connecticut cases dealing with non-parent visitation as permitted under § 46b-59, C.G.S. It expressly reversed the holding in Castagno v. Wholean, 239 Conn. 353, which required no more than that the family unit already has been disrupted, for a court to exercise jurisdiction over a visitation petition brought pursuant to § 46b-59
of the General Statutes.
At the time of the commencement of this action and at the time Judge Petroni appointed Attorney Foster to be the guardian ad litem for the minor children, the family unit already had been disrupted by the death of the children's mother, the sister and daughter of the plaintiffs.
At that time, there was jurisdiction according to the criteria inCastagno, and Attorney Foster's appointment and subsequent representation and billing was necessary and proper. She performed her services as ordered to do so by the court. She was not involved in the case as amicus curiae or as a volunteer.
For the foregoing reasons, notwithstanding the subsequent disposition of the case for jurisdictional reasons, the court finds that the defendant is obligated to contribute to the guardian ad litem fees pursuant to Judge Petroni's order of March 20, 2001.
The defendant is hereby ordered to commence payments on August 26, 2002 in the amount of $200 per month directly to Attorney Julie Foster, and he is to continue such payments until the balance due is paid in full. CT Page 9711
BY the Court,
Joseph W. Doherty, Judge